STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED
March 27, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**CONNIE D. RINKES,**
**Claimant Below, Petitioner**

**vs.)   No. 14-0618** (BOR Appeal No. 2048977)
                (Claim No. 2013023643)

**WHEELING HOSPITAL, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Connie D. Rinkes, by Robert L. Stultz, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Wheeling Hospital, Inc., by Jennifer B. Hagedorn, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 28, 2014, in which the Board affirmed a November 8, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 13, 2013, decision rejecting the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Rinkes, a registered nurse, alleges that she injured her lower back in the course of her employment on February 6, 2013, while pushing beds. Incomplete treatment notes from Wheeling Hospital Emergency Room dated February 8, 2013, indicate Ms. Rinkes was recently shoveling snow and slept on a cot the previous night, which may have irritated her back pain. The pain was at the L4-5 area and radiated into both flanks. She had a history of L4-5 disc bulges. She was diagnosed with back pain and disc herniations at L3-4, L4-5, and L5-S1. An MRI revealed bulging at L4-5, a small protrusion at L5-S1, and bulging at L3-4. The results were unchanged from a previous May 10, 2012, MRI. The final and revised treatment notes from

1

Wheeling Hospital Emergency Room stated that Ms. Rinkes was working in the emergency department on Monday and Tuesday and started having back pain. Ms. Rinkes completed an employee's and physician's report of injury on February 27, 2013. The application states that she sustained a lumbar strain on May 2, 2012, and reinjured it on February 6, 2013, while pushing beds. The physician's section indicates the injury was an aggravation of a prior injury.

Ms. Rinkes has a history of lower back injury and pain. On May 2, 2012, treatment notes from Wheeling Hospital Emergency Room stated that she injured her back while lifting a patient. She developed instant back pain that radiated into her left hip and was diagnosed with lumbar strain. Later treatment notes indicate that by October of 2012, she was back to full-duty work without difficulty but was still experiencing intermittent lower back pain.

The claims administrator rejected the February 2, 2013, claim on June 11, 2013, due to numerous inconsistencies in the evidentiary record. It found that the original Wheeling Hospital Emergency Room treatment notes state that Ms. Rinkes injured her back while shoveling snow. The second set of notes, revised at her direction, stated the injury occurred working in the emergency room on February 4, 2013, and February 5, 2013. The report of injury lists the date of injury as February 6, 2013, and states it occurred while pushing beds. The February 8, 2013, office notes from Wheeling Hospital Corporate Health list the date of injury as February 8, 2013.

Ms. Rinkes testified in a deposition that she was working three twelve hour shifts on Monday, Tuesday, and Wednesday transporting patients. She said her back started burning Tuesday and on Wednesday she had sharp, shooting pain. She did not seek treatment until Friday because her son had emergency surgery Wednesday evening. She admitted that she injured her back on May 2, 2012, had an L5 disc bulge, and was off of work for approximately four months. She stated that from that time she has felt burning and discomfort in her back. She asserted that a scribe incorrectly recorded in her treatment note that she was injured while shoveling snow. She brought the error to her provider's attention and it was changed. She stated that scribes sometimes complete notes before they speak to a patient.

Hanna Crewdson stated in an affidavit that she was the scribe that recorded the patient history from Ms. Rinkes on February 8, 2013, at Wheeling Hospital. She denied having an independent recollection of Ms. Rinkes or their interaction but stated that she does not write facts in a patient's history unless that is what was told to her by the patient. Therefore, her note that Ms. Rinkes was shoveling snow is true. She also stated that she has never completed a note prior to taking a patient's history.

The Office of Judges affirmed the claims administrator's decision in its November 8, 2013, Order. The Office of Judges found that there were too many inconsistencies in the evidentiary record to establish that Ms. Rinkes's injuries resulted from a compensable, work-related incident. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on May 28, 2014.

On appeal, Ms. Rinkes argues that she injured her back on May 2, 2012, and reinjured it on February 6, 2013. She asserts that the employee's and physician's report of injury lists the

injury as a work-related lumbar sprain, and the only inconsistency in the record concerned whether she was shoveling snow at the time of the injury. She asserts that the hospital revised the record to omit that she was shoveling snow. Wheeling Hospital, Inc., argues that Ms. Rinkes failed to relate her injury to a specific incident and originally stated that she injured her back while shoveling snow and sleeping on a cot. Also, she sustained a work-related injury on May 2, 2012, to the exact same level of her spine that she now alleges is a new injury.

After review, we agree with the reasoning of the Office of Judges and the conclusions of the Board of Review. The record is rife with inconsistencies concerning the date, mechanism, and place of injury. The record indicates that Ms. Rinkes originally injured her lower back in May of 2012, and she has failed to sustain her burden of proof to establish that she sustained a new injury in the course of and resulting from her employment on February 6, 2013.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 27, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Allen H. Loughry II

**DISSENTING:**
Justice Brent D. Benjamin
Justice Menis E. Ketchum

3